CARMEN A. TRUTANICH, City Attorney - SBN 86629x
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney
ELIZABETH MITCHELL, Deputy City Attorney - SBN 251139
Email: Elizabeth.Mitchell@lacity.org
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6958, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPT. and CHIEF CHARLIE BECK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEDELMAN, an individual, and JILL NEDELMAN, an individual, and C.E.N., B.R.N., and C.G.N. [names redacted], MINORS, BY AND THROUGH THEIR GUARDIAN AD LITEM AND MOTHER, JILL NEDELMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF CHARLIE BECK, and individual, and Does 1 through 10, inclusive.<br><br>Defendants. | CASE NO. CV12-01385 GHK (FMOx)<br>*Hon. George H. King - Ctrm. 650 Roybal*<br>*Hon. Mag Fernando M. Olguin.- Ctrm.F, 9th Fl*<br><br>DISCOVERY MATTER<br>Referred to Magistrate Judge Fernando M. Olguin<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS<br><br>NOTE CHANGES MADE BY THE COURT. |

TO: THE HONORABLE COURT:

Plaintiffs MICHAEL NEDELMAN, JILL NEDELMAN, C.E.N., B.R.N. and C.G.N, by and through THEIR attorney of record Brian Vogel, and Defendants CITY OF LOS ANGELES (also erroneously sued as Los Angeles Police Department), and CHARLIE

1

1 BECK, by and through their attorneys of record, Elizabeth Mitchell, Deputy City
2 Attorney, agree that the following Protective Order, and its terms shall govern the
3 following documents and things in this matter:
4     This Protective Order concerns the disclosure and/or ordered production of any and
5 all documents and things which are believed by Defendants, in good faith, to be
6 privileged, confidential, private or sensitive. This Protective Order is intended to cover
7 documents and things disclosed pursuant to discovery, stipulation or court order. The
8 Court orders as follows:

## TERMS OF THE PROTECTIVE ORDER

12     1. Defendants and Plaintiffs have agreed that the below-listed documents shall be
13 designated confidential documents and/or writings because the parties agree that the
14 documents and items are the proper subject of privilege. This will be accomplished by
15 affixing to such document or writing a legend, such as "Confidential," "Confidential
16 Documents," "Confidential Material Subject to Protective Order" or words of similar
17 effect. Documents and writings so designated, and all information derived therefrom
18 (hereinafter, collectively, "Confidential Information"), shall be treated in accordance
19 with the terms of this stipulation/protective order. Documents, writings and things to be
20 designated as such, include ~~and are not limited to the following~~:
21     a) Any LAPD Internal Affairs and/or Professional Standards investigation files
22 including but not limited to, tape recorded interviews, compelled statements of police
23 officers, complainants, and other witnesses, supporting documentation, form 1.80
24 summary listings and transcripts and photos;
25     2. Confidential Information may be used by the persons receiving such information
26 only for the purpose of this above-captioned litigation .
27     3. Subject to the further conditions imposed by this stipulation/protective order,
28 Confidential Information may be disclosed only to the following persons:

    a.    Counsel for Plaintiff and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

    b.    Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b), *with the exception of all Court Personnel,* counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve upon counsel for defendants the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing order. I have read the Order and agree to be bound by its terms with with respect to the handling use and disclosure of such Confidential Information.
Dated: _____ /s/ _____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Complaint Investigation materials, including Plaintiff's copy of their Protective Order, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding. Moreover, any information that was transferred onto a computer, zip drive, disc or other source, shall be destroyed and deleted. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office.

6. If any party who receives Confidential Information receives a subpoena and/or public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for defendants, identifying the Confidential Information

1  sought and the time in which production or other disclosure is required, and shall object
2  to the request or subpoena on the grounds of this stipulation/protective order. At that
3  time, Plaintiffs must thereafter obtain an order barring production or other disclosure, or
4  to otherwise respond to the subpoena or other request for production or disclosure of
5  Confidential Material. In no event should production or disclosure be made without
6  written approval by defendants' counsel unless required by Court Order arising from a
7  motion to compel production or disclosure of Confidential Information.

8  7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written
9  submissions to the Court in this litigation which contain, reflect, incorporate or refer to
10 Confidential Information shall first be accompanied by an application, to request that the
11 papers, or the confidential portion thereof, be lodged under seal pursuant to Local Rule 79-5.

12 ~~8. Counsel for the parties hereto agree that the parties must request that the Court~~
13 ~~consider that any motions, applications or other pre-trial proceedings which could entail~~
14 ~~the discussion or disclosure of Confidential Information be heard by the Court outside~~
15 ~~the presence of the jury. Counsel for the parties further agree that, during any portion~~
16 ~~of the trial of this action which could entail the discussion or disclosure of Confidential~~
17 ~~Information, that Defendants will have an opportunity to request that access to the~~
18 ~~courtroom be limited to parties, their counsel and other designated representative,~~
19 ~~experts or consultants who agreed to be bound by this stipulation/protective order, and~~
20 ~~court personnel.~~

21 8. Nothing herein shall prejudice Defendants' right to object to the introduction of
22 any Confidential Information into evidence, on grounds including but not limited to
23 relevance and privilege.

24 9. If plaintiff disagrees with the categorization of a document or thing which is
25 marked as permitted in section 1 or if plaintiff contends that the document or thing is not
26 subject to the protective order or subject to being returned at the conclusion of the
27 litigation, the issue may be submitted to the Magistrate for determination, via the joint
28 stipulation process pursuant to Local Rule 37.

1  10. Defendants may redact personal and irrelevant confidential information related to the Defendants and third parties not related to the incident that is the subject matter of this litigation, including but not limited to home addresses, phone numbers, and personnel information.

11. Defendants shall act with due diligence in obtaining the documents and disclosing them to counsel for the Plaintiffs.

12. Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

IT IS SO STIPULATED.

DATED: October __, 2012

CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney

By _____
ELIZABETH MITCHELL, Deputy City Atty

*Attorneys for Defendants* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPT. and CHIEF CHARLIE BECK

DATED: October 22, 2012

LAW OFFICES OF BRIAN A. VOGEL, PC

By _____
BRIAN A. VOGEL
Attorney for Plaintiffs

IT IS SO ORDERED.

DATED: 11/2/12

_____
UNITED STATES MAGISTRATE JUDGE