CARMEN A. TRUTANICH, City Attorney - SBN 86629x
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney
ELIZABETH MITHCELL, Deputy City Attorney - SBN 251139
Email: Elizabeth.Mitchell@lacity.org
200 North Main Street
6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6958, Fax No.: (213) 978-8785

*Attorneys for Defendants* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPT. and CHIEF CHARLIE BECK

FILED
CLERK, U.S. DISTRICT COURT
NOV 29 2012
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEDELMAN, an individual, and JILL NEDELMAN, an individual, and C.E.N., B.R.N., and C.G.N. [names redacted], MINORS, BY AND THROUGH THEIR GUARDIAN AD LITEM AND MOTHER, JILL NEDELMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, CHIEF CHARLIE BECK, and individual, and Does 1 through 10, inclusive.<br><br>Defendants. | CASE NO. CV12-01385 GHK (FMOx)<br>*Hon. George H. King - Ctrm. 650 Roybal*<br>*Hon. Mag Fernando M. Olguin.- Ctrm.F, 9th Fl*<br><br>DISCOVERY MATTER<br>Referred to Magistrate Judge Fernando M. Olguin<br><br>SECOND STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER RE PRIVILEGED DOCUMENTS AND THINGS<br><br>**NOTE CHANGES MADE BY THE COURT** |

*TO: THE HONORABLE COURT:*

Plaintiffs MICHAEL NEDELMAN, JILL NEDELMAN, C.E.N., B.R.N. and C.G.N, by and through THEIR attorney of record Brian Vogel, and Defendants CITY OF LOS ANGELES (also erroneously sued as Los Angeles Police Department), and CHARLIE

BECK, by and through their attorneys of record, Elizabeth Mitchell, Deputy City Attorney, agree that the following Protective Order, and its terms shall govern the following documents and things in this matter:

This Protective Order concerns the disclosure and/or ordered production of any and all documents and things which are believed by Defendants, in good faith, to be privileged, confidential, private or sensitive. This Protective Order is intended to cover documents and things disclosed pursuant to discovery, stipulation or court order. The Court orders as follows:

## *TERMS OF THE PROTECTIVE ORDER*

1. Defendants and Plaintiffs have agreed that the below-listed documents shall be designated confidential documents and/or writings because the parties agree that the documents and items are the proper subject of privilege. This will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. Documents, writings and things to be designated as such, include:

   a) Any LAPD Internal Affairs and/or Professional Standards investigation files including but not limited to, tape recorded interviews, compelled statements of police officers, complainants, and other witnesses, supporting documentation, form 1.80 summary listings and transcripts and photos;

   b) Any documents and information produced by Plaintiff which relates to or reflects Plaintiff Michael Nedelman's claim that as a result of the incident he was not able to receive commission on six (6) loans.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation .

3. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

    a.  Counsel for Plaintiff and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

    b.  Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b), *with the exception of all Court Personnel,* counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve upon counsel for defendants the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing order. I have read the Order and agree to be bound by its terms with with respect to the handling use and disclosure of such Confidential Information.

Dated: _____ /s/ _____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Complaint Investigation materials, including Plaintiff's copy of their Protective Order, as well as any other Court Ordered Documents provided pursuant to this Protective Order and all copies thereof, shall be returned to the Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los Angeles, California 90012 for destruction/shredding. Moreover, any information that was transferred onto a computer, zip drive, disc or other source, shall be destroyed and deleted. All Confidential documentation provided to any person or party, pursuant to any provision hereof, also shall be returned to the City Attorney's Office. [handwritten: The Court will not return any documents from its files to the parties.]

6. If any party who receives Confidential Information receives a subpoena and/or

public record request seeking Confidential Information, he, she or it shall immediately give written notice to counsel for defendants, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation/protective order. At that time, Plaintiffs must thereafter obtain an order barring production or other disclosure, or otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. In no event should production or disclosure be made without written approval by defendants' counsel unless required by Court Order arising from a motion to compel production or disclosure of Confidential Information.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall first be accompanied by an application, to request that the papers, or the confidential portion thereof, be lodged under seal, pursuant to Local Rule 79-5.

~~8. Counsel for the parties agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to request to be heard at sidebar or out of the presence of the jury that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.~~

8. Nothing herein shall prejudice Defendants' right to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

9. If plaintiff disagrees with the categorization of a document or thing which is marked as permitted in section 1 or if plaintiff contends that the document or thing is not subject to the protective order or subject to being returned at the conclusion of the litigation, the issue may be submitted to the Magistrate for determination, via the joint stipulation process pursuant to Local Rule 37.

10. Defendants may redact personal and irrelevant confidential information related

4

1 to the Defendants and third parties not related to the incident that is the subject matter of this litigation, including but not limited to home addresses, phone numbers, and personnel information.

12. Defendants shall act with due diligence in obtaining the documents and disclosing them to counsel for the Plaintiffs.

13. Once a case proceeds to trial, any and all information and/or documents which were once designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order, ~~and which is admitted as evidence at trial (either by testimony or as an exhibit),~~ shall become public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

IT IS SO STIPULATED: *This Order supersedes the Protective Order filed on November 2, 2012.*

DATED: November 27, 2012    CARMEN A. TRUTANICH, City Attorney
GARY G. GEUSS, Chief Assistant City Attorney
CORY M. BRENTE, Assistant City Attorney


By _____/s/_____
ELIZABETH MITCHELL, Deputy City Atty

*Attorneys for Defendants* **CITY OF LOS ANGELES, LOS ANGELES POLICE DEPT. and CHIEF CHARLIE BECK**


DATED: November __, 2012    LAW OFFICES OF BRIAN A. VOGEL, PC


By _____
BRIAN A. VOGEL
Attorney for Plaintiffs

to the Defendants and third parties not related to the incident that is the subject matter of this litigation, including but not limited to home addresses, phone numbers, and personnel information.

12. Defendants shall act with due diligence in obtaining the documents and disclosing them to counsel for the Plaintiffs.

13. Once a case proceeds to trial, any and all information and/or documents which were once designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order, and which is admitted as evidence at trial (either by testimony or as an exhibit), shall become public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise.

**IT IS SO STIPULATED:**

DATED: November ___, 2012    CARMEN A. TRUTANICH, City Attorney
                             GARY G. GEUSS, Chief Assistant City Attorney
                             CORY M. BRENTE, Assistant City Attorney

By _____
   ELIZABETH MITCHELL, Deputy City Atty

*Attorneys for Defendants* CITY OF LOS ANGELES, LOS ANGELES POLICE DEPT. and CHIEF CHARLIE BECK

DATED: November 26, 2012    LAW OFFICES OF BRIAN A. VOGEL, PC

By _____
   BRIAN A. VOGEL
   Attorney for Plaintiffs

IT IS SO ORDERED.

DATED: 11/29/12

_____
UNITED STATES MAGISTRATE JUDGE

5

# Stipulation

2:12-cv-01385-GHK-FMO Michael Nedelman et al v. City of Los Angeles et al
(FMOx), DISCOVERY, PROTORD

### UNITED STATES DISTRICT COURT for the CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Mitchell, Elizabeth on 11/27/2012 at 3:41 PM PST and filed on 11/27/2012

**Case Name:** Michael Nedelman et al v. City of Los Angeles et al
**Case Number:** 2:12-cv-01385-GHK-FMO
**Filer:** City of Los Angeles
Charlie Beck
Los Angeles Police Department
**Document Number:** 31

**Docket Text:**
**Second STIPULATION for Protective Order filed by Defendants Charlie Beck, City of Los Angeles, Los Angeles Police Department. (Attachments: # (1) Proposed Order [Proposed] Protective Order re Privileged Documents and Things)(Mitchell, Elizabeth)**

**2:12-cv-01385-GHK-FMO Notice has been electronically mailed to:**

Brian Arnold Vogel     brian@bvogel.com

Elizabeth Anne Mitchell     Elizabeth.Mitchell@lacity.org, atty.pluorders@lacity.org, linda.covarrubiaz@lacity.org

**2:12-cv-01385-GHK-FMO Notice has been delivered by First Class U. S. Mail or by other means BY THE FILER to :**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** M:\PLU\EMITCHELL\NEDELMAN, Michael\E-FILING\2nd Stipulation & proposed Protective Order re Privileged Documents & Things.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/27/2012] [FileNumber=14709140-0] [a0cec461b143e849603ba8324914c2970a95bb855326a2a7f71ebd2ea3cdfa80a3 c7e9cfd3eb34e4df7cf3c4ea8fc2b200a4b058b3d37399106807 33e7fc51db]]
**Document description:** Proposed Order [Proposed] Protective Order re Privileged Documents and Things
**Original filename:** M:\PLU\EMITCHELL\NEDELMAN, Michael\E-FILING\Proposed Potective Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/27/2012] [FileNumber=14709140-1] [0af3d09be11441e3d8dff2af9c98c3cad2029eacd720beeb410aaa465ded9ec99d 91a601bdfee8d052c74fa70d1306bfd4fd2e71f62ebe15c8f3e1020a1569b6]]